IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| vs. | : |
| | : CRIMINAL NO. 1:CR-10-0315 |
| ALEXANDER CRUZ, | : |
| Defendant | :    (Judge Caldwell) |

*M E M O R A N D U M*

The pro se defendant, Alexander Cruz, has filed a motion (Doc. 29) pursuant to 28 U.S.C. § 2255 seeking to benefit from the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).[1]

On November 3, 2010, Defendant was named in a six-count indictment. Counts I, III, IV and VI charged him with bank robberies committed "by force, violence and intimidation," in violation of 18 U.S.C. § 2113(a). Count II charged him with the robbery of a convenience store under the Hobb's Act, by taking money from the cashier "against her will by means of threat and force, violence and fear of injury . . . while displaying a firearm," in violation of 28 U.S.C. § 1951. Count V charged him with carjacking, taking "from the person . . . of another by force, violence and intimidation a motor vehicle," in violation of 18 U.S.C. § 2119.

---

[1] *Johnson* was made applicable to cases on collateral review by *Welch v. United States*, ___ U.S. ___, ___, 136 S.Ct. 1257, 1265, 194 L.Ed.2d 387 (2016). Defendant's 2255 motion, his first, is timely as *Johnson* was decided June 26, 2015, and the motion was filed on May 16, 2016. *See* 28 U.S.C. § 2255(f)(3).

Defendant agreed to plead guilty to all six counts. He and the government also agreed to a sentence of 152 months' imprisonment on all counts. On August 5, 2011, Defendant was sentenced to 152 months. He took no direct appeal.[2] Defendant then filed this 2255 motion.[3]

In *Johnson*, the Supreme Court struck down as unconstitutionally vague the "residual" clause in 18 U.S.C. § 924(e)(2)(B). \_\_\_ U.S. at \_\_\_, 135 S.Ct. at 2557. The residual clause, subsection (ii) of section 924(e)(2)(B), defined a "violent felony" for the purpose of imposing an increased sentence under 18 U.S.C. § 924(e)(1) as a felony which "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at \_\_\_, 135 S.Ct. at 2555-56.[4]

Defendant's *Johnson* claim is that he is not guilty of the offenses of conviction because he did not commit force, violence or intimidation. This claim lacks merit. The residual clause played no part in Defendant's sentencing, and none of the

---

[2] As part of his plea agreement, Defendant did waive his right to a direct appeal. (Doc. 17, plea agreement ¶ 24).

[3] In accordance with Standing Order 15-6, the Federal Public Defender's Office was appointed to represent Defendant on his *Johnson* claim. (Doc. 30). On June 10, 2016, the Office filed a motion to withdraw as counsel, implicitly suggesting that *Johnson* does not apply to Defendant. (Doc. 31). We granted the motion to withdraw. (Doc. 32).

[4] Subsection (i) is the "elements" clause, defining as a violent felony:

> "any crime" that "has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ."

offenses Defendant pled guilty to relied on language similar to the language of the residual clause.

We will therefore deny the 2255 motion.  The order will also deny a certificate of appealability, based on the analysis in this memorandum.  However, Defendant is advised that he has the right for sixty (60) days to appeal our order denying his 2255 motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22.

>/s/William W. Caldwell
>William W. Caldwell
>United States District Judge

Date: July 12, 2016